YALE & TOWNE MFG. CO. v. RESTEIN et al. †

(District Court, E. D. Pennsylvania. May 2, 1912.)

No. 409.

TRADE-MARKS AND TRADE-NAMES (§ 11*)—NAME OF PATENTED ARTICLE—EFFECT OF EXPIRATION OF PATENT.

> On the expiration of a patent, any one has the right to make and sell the patented article, and to use in connection therewith an arbitrary name by which it was known to the public, provided he takes proper care to prevent his own goods from being confused with those of the original manufacturer, and it is sufficient to somewhat change the name and add his own name and place of manufacture.

> [Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 15; Dec. Dig. § 11.*]

In Equity. Suit by the Yale & Towne Manufacturing Company against Clement Restein and others. On final hearing. Decree for defendants.

Stevens Heckscher and Archibald Cox, for complainant.
A. B. Stoughton and William Gorman, for defendant Ford.

JOHN B. McPHERSON, District Judge. I cannot distinguish this case from Singer Mfg. Co. v. June Mfg. Co., 163 U. S. 169, 16 Sup. Ct. 1002, 41 L. Ed. 118, and similar decisons. The "Triplex" block was patented in 1889, but, as the patent has now expired, the defendant had a lawful right to make the article. Moreover, as the word "Triplex" is not a descriptive, but an arbitrary, word, and is undoubtedly associated in the public mind with the patented article, the defendant had the right to use the word on the expiration of the patent, provided he took the proper care to prevent his own goods from being confused with the goods of the original manufacturer. This he has taken. He uses the word "Tribloc" instead of "Triplex," and (what is probably more important) he adds his own name as the name of the maker, and also the place of manufacture.

On the authority of the cases referred to, the bill must be dismissed, with costs.